IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| Krueger International, Inc. <br><br> Plaintiff, <br><br> v. <br><br> Aloft Media, LLC, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:26-cv-00425 <br> JURY TRIAL REQUESTED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Krueger International, Inc. ("KI" or "Plaintiff"), by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Defendant Aloft Media, LLC ("Aloft" or "Defendant"). KI seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 that KI's website does not infringe U.S. Patent No. 10,372,793 (the "Asserted Patent" or the "'793 Patent") and that the Asserted Patent is invalid and/or unenforceable.

## THE PARTIES

1. Plaintiff Krueger International, Inc. ("KI") is a corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business at 1330 Bellevue Street, Green Bay, Wisconsin 54302.

2. Plaintiff is a leading United States furniture manufacturer that markets, distributes, manufactures, promotes, and sells a broad portfolio of furniture through the United States and internationally.

3. On information and belief, Defendant, Aloft Media, LLC, ("Aloft") is a Texas limited liability company with an address at 211 West Tyler Street, Suite C, Longview, Texas

75601. According to the Texas Comptroller's website, George A. Gordon is the registered agent and managing member of Aloft Media and is affiliated with the following address: 211 West Tyler Street, Suite C-1, Longview, Texas 75601.

## JURISDICTION AND VENUE

4.    The Court has subject matter jurisdiction over KI's request for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Further, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this Complaint states claims arising under Acts of Congress, including the Patent Act, 35 U.S.C. §1 *et seq*.

5.    An actual, continuing, and justiciable controversy exists between KI and Defendant concerning KI's alleged infringement and the validity and enforceability of the Asserted Patent because Aloft accused KI of infringing Claim 29 of the Asserted Patent, enclosed a claim chart, and demanded that KI enter into a patent license agreement requiring a "fully paid-up, non-refundable, lump-sum patent infringement settlement and release payment." By framing its demand as a settlement of alleged infringement rather than a forward-looking license, Aloft has asserted patent rights against KI in a manner that places KI in reasonable apprehension of litigation. An actual, substantial, and immediate controversy therefore exists regarding KI's alleged infringement of the '793 Patent.

6.    Venue is proper in the Eastern District of Wisconsin (hereinafter "this District") pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District, including Defendant's direction of patent infringement allegations, transmission of claim charts, and issuance of licensing demands to Plaintiff at its principal place of business in Green Bay, Wisconsin.

7.     This Court has personal jurisdiction over Defendant because Defendant has purposefully directed its patent enforcement and licensing activities at KI in Wisconsin and the claims asserted in this action arise directly out of those forum-directed activities where Aloft sent KI, at its Wisconsin headquarters, a notice of alleged infringement asserting Claim 29 of the '793 Patent, together with a claim chart and proposed license agreement, thereby seeking to obtain licensing revenue from KI's activities in this District and placing KI in reasonable apprehension of litigation.

8.     The exercise of personal jurisdiction over Defendant in this District comports with due process because Defendant has purposefully availed itself of the privilege of conducting activities in Wisconsin and in this District, the declaratory-judgment claims asserted herein arise out of or relate to those activities, and the exercise of jurisdiction is reasonable and fair under the circumstances.

### FACTUAL BACKGROUND

9.     KI operates a public-facing website located at www.ki.com, including all web pages comprising the site (collectively, the "Accused KI Website"), which provides information about KI and its products and services to customers and potential customers. A true and correct print-out of the home page of the Accused KI Website as of the date of this Complaint is attached as Exhibit 1.

10.     On February 9, 2026, Aloft sent KI a letter (the "Notice Letter") signed by Andrew Gordon asserting patent infringement. The letter included a claim chart and a patent license agreement. The Notice Letter is attached as Exhibit 2.

11.     In the Notice Letter, Aloft: (i) asserts that it is the owner of the Asserted '793 Patent; (ii) asserts that KI may be presently practicing, and potentially infringing, the Asserted Patent; (iii)

provides a claim chart setting forth Aloft's theory of KI's alleged infringement of the Asserted Patent; (iv) identifies KI's website, in the claim chart, as an allegedly infringing instrumentality; and (v) encloses a proposed patent license agreement for execution by KI.

12. Aloft characterized the Notice Letter as a "notice of our conclusions" and invited KI to respond and engage in discussion if KI believed those conclusions were inaccurate.

13. The Notice Letter further states that Aloft is contacting KI and "other companies like yours" regarding alleged infringement of its patent portfolio and offering licenses based on those allegations.

14. The Notice Letter further states that Todd Schmidt, identified by Aloft as an agent of its authorized licensing agent, George Street Partners, would be contacting KI "within the next few days" to provide background on Aloft Media and to address any initial questions from KI regarding the matter.

15. On information and belief, Aloft is a non-practicing entity that does not practice the Asserted Patent and instead derives revenue from its patent portfolio primarily through licensing and enforcement activities.

16. The Asserted Patent claims, in relevant part, a computer-implemented method relating to website navigation menus.

## THE ASSERTED PATENT

17. The Asserted Patent (U.S. Patent No. 10,372,793), titled *"Hyperlink with Graphical Cue,"* issued from U.S. Application No. 16/243,044, which was filed on January 8, 2019. A true and correct copy of the Asserted Patent is attached hereto as Exhibit 3.

18. The Asserted Patent is directed to "computer-implemented techniques for improving the usefulness of hyperlinks in web pages." ('793 Patent, col. 1, ll. 24–26).

19.     In the claim chart attached to the Notice Letter, Aloft asserted Claim 29 of the Asserted Patent. Claim 29 recites as follows:

> A method, comprising:
> providing content for a web page, the web page including web page code, a set of one or more representations of one or more menu items, and a set of one or more representations of one or more hyperlinks;
> causing, using the web page code of the web page, display of the set of one or more representations of one or more menu items of the web page, without any images being used in the display of the set of one or more representations of one or more menu items, and with the set of one or more representations of one or more hyperlinks being initially hidden and taking the form of hypertext including one or more textual representations of one or more hyperlinks;
> allowing, using the web page code of the web page, receipt of a first input that indicates a selection of one of the set of one or more representations of one or more menu items;
> causing, using the web page code of the web page and in response to receipt of the first input indicating the selection of the one of the set of one or more representations of one or more menu items, display of the set of one or more representations of one or more hyperlinks;
> allowing, using the web page code of the web page, receipt of a second input that indicates a selection of one of the set of one or more representations of one or more hyperlinks; and
> causing, using the web page code of the web page and in response to receipt of the second input indicating the selection of the one of the set of one or more representations of one or more hyperlinks, display of another web page corresponding to the one of the set of one or more representations of one or more hyperlinks, the another web page including at least a portion of additional content simultaneously with the set of one or more representations of one or more menu items, so as to allow use of the set of one or more representations of one or more menu items while the at least portion of additional content is simultaneously displayed with the set of one or more representations of one or more menu items.

20.     For purposes of the non-infringement analysis below, Claim 29 requires that "in response to receipt of the second input indicating the selection of the one of the set of one or more representations of one or more hyperlinks", the web page "display … **at least a portion of additional content** simultaneously with the set of one or more representations of one or more menu items, so as to allow use of the set of one or more representations of one or more menu items

**while the at least portion of additional content is simultaneously displayed with the set of one or more representations of one or more menu items**.” (emphasis added)

## THE ACCUSED KI WEBSITE

21.     The Accused KI Website comprises a collection of publicly accessible web pages located at www.ki.com. KI uses the website to provide information about KI and its products and services and to allow users to navigate among pages. Exhibit 4 is a true and correct screenshot/printout of the KI home page as publicly displayed at www.ki.com.

22.     The Accused KI Website implements a dropdown menu that includes top-level menu items and subordinate hyperlinks to other pages within the site. Exhibit 5 is a true and correct copy of the publicly available HTML source code for the KI home page (www.ki.com), which includes numerous hyperlinks to other KI pages.

23.     When a user selects one of the top-level menu items, such as “Products” the drop-down menu is triggered, displaying additional choices related to the initial selection. Within the drop-down menu, the user can make a further selection, such as “Seating”, which directs the user to the corresponding web page,

https://www.ki.com/products/category/seating/. Exhibit 6.

24.     As it relates to the Asserted Patent, selecting an item from KI’s drop-down menus directs the user to an entirely new page where a new instance of the main menu is rendered. The original menu is not persistently displayed as the user navigates between web pages. Exhibit 7.

25.     The public source code confirms that the website’s navigation menu and header are included in the server-rendered HTML for each page and are reloaded as a new instance after every page navigation. *See* Exhibit 5.

26. Accordingly, the Accused KI Website does not infringe Claim 29 of the Asserted Patent either literally or under the Doctrine of Equivalents because it does not cause "**display of another web page… including at least a portion of additional content** simultaneously with the set of one or more representations of one or more menu items, so as to allow use of the set of one or more representations of one or more menu items **while the at least portion of additional content is simultaneously displayed with the set of one or more representations of one or more menu items**." (emphasis added).

27. As informed by the specification of the Asserted Patent, this claim limitation requires new content to be displayed without navigating away from the first web page. Specifically, the "problem" identified by the Asserted Patent is that prior art website menus that utilize textual representations of hyperlinks do not make the destination of the hyperlink clear. Asserted Patent, col. 1, ln 49-57.

28. The solution proposed by the Asserted Patent is to identify the web page corresponding to the menu hyperlinks by displaying "at least a portion of additional content… so as to allow the use of the set of one or more representations of one or more menu items while the at least portion of additional content is simultaneously displayed with the set of one or more representations of one or more menu items."

29. Put another way, while remaining on the initial web page, a user can hover over or click on one of the hyperlinks in the drop-down menu which causes a visual preview of the hyperlink's destination to be displayed on the initial web page.

30. This concept is illustrated by Fig. 5A of the Asserted Patent (below), which shows a web page 500 comprising a first frame 502a and a second frame 502b.



FIG. 5A

31.     The first frame 502a shows the top-level menu having a first set of hyperlink representations 504a/506a-h. A user can select (e.g. click on or hover over) one of the first set of hyperlink representations 504a/506a-h to access a drop-down menu having a second set of hyperlink representations 508a-l. when the user selects one of the drop-down menu hyperlink representations 508a-l, the web browser automatically displays the destination of the selected hyperlink in the frame 502b, which allows the user to preview the website destination before navigating away from the initial web page.

32.     The Accused KI Website, however, does not display a preview to allow users to see a visual representation of the destination of the hyperlink before navigating away from the initial web page. Rather, the Accused KI Website utilizes the prior art menu systems wherein the drop-down menu includes textual representations of hyperlinks which do not display additional content when a user interacts with the menus.

33.     For example, the prior art system of textual representations of hyperlinks is exemplified by U.S. Patent No. 7,032,183 ("the '183 Patent"), which was filed June 5, 2001, and

was cited as prior art by the examiner during prosecution of the Asserted Patent. A true and correct copy of the '183 Patent is attached as Exhibit 8.

34. The '183 Patent teaches a method of navigating through a web site using a cascading menu of textual hyperlinks, wherein users navigate between the pages of the web site by selecting items from the cascading menu.

35. This concept is best illustrated by Fig. 7 of the '183 Patent below, which shows side-by-side windows 200 and 202 that display two web pages 204 and 206 respectively.



Fig.7.

36. The first web page 204 is the home page of a news site and includes an interactive left-to-right cascading menu system including menu buttons 212 and sections 208 and 210 that cascade from the menu buttons 212. The sections 208 and 210 include hyperlinks which are used to navigate through the website. The '183 Patent identifies that the list of menu buttons 212 and

their designated locations on the web page 204 preferably remain the same for all the web pages in the news web site. '183 Patent, col. 7, ln 26-45.

37.  As shown in the below screenshot, the Accused KI Website uses a similar menu system including a number of menu buttons.



38.  When a user selects one of the menu buttons (e.g. "Products"), a drop-down menu including a number of hyperlinks is displayed (e.g. "Categories"). The user then selects one of the hyperlinks to navigate to a corresponding page of the Accused KI Website.

39.  Selecting a hyperlink from one of the drop-down menus does not, however, allow the user to see a preview of the destination web page. To identify the destination, the user must click on the hyperlink and navigate away from the initial web page to a new web page within the website.

40.  Additionally, the menu items are reloaded as part of each new web page's HTML. *See* Exhibit 5. The Accused KI Website does not use any form of persistent client-side rendering, SPA routing, or AJAX-based dynamic content loading to display a preview of the destination web page before the user clicks on the hyperlink and navigates to the destination web page. Accordingly, the Accused KI Website does not display "another web page… including at

least a portion of additional content simultaneously with the set of one or more representations of one or more menu items," and so, does not infringe Claim 29 of the Asserted Patent.

**COUNT I**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,372,793**
**(28 U.S.C. § 2201)**

41. KI repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. KI has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Asserted Patent, including Claim 29, either literally or under the doctrine of equivalents.

43. As further explained above, the Accused KI Website does not practice at least the limitation of Claim 29 requiring display of "at least a portion of additional content simultaneously with the set of one or more representations of one or more menu items."

44. Aloft's Notice Letter accused KI of potentially infringing Claim 29 of the '793 Patent and enclosed a claim chart together with a proposed patent license agreement. The proposed agreement requires KI, as a condition of avoiding further action, to make a "fully paid-up, non-refundable, lump-sum patent infringement settlement and release payment," and the claim chart states that it "is not exhaustive of your possible infringements, but rather [is] exemplary of patent claims we believe may be presently infringed." By framing its demand as a settlement of alleged infringement rather than a prospective license, and by asserting that its infringement allegations are non-exhaustive, Aloft has asserted patent rights against KI in a manner that places KI in reasonable apprehension of litigation. An actual, substantial, and immediate controversy therefore exists regarding KI's alleged infringement of the '793 Patent.

45. This controversy warrants the issuance of a declaratory judgment of non-infringement. A judicial declaration is necessary and appropriate so that KI may ascertain its rights and obligations regarding the Asserted Patent.

46. Plaintiff therefore respectfully seeks a judicial declaration that it does not directly, indirectly, or otherwise infringe any valid and enforceable claim of the Asserted Patent.

**COUNT II**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,372,793**

47. KI repeats and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

48. The Asserted Patent is invalid for failure to satisfy one or more requirements of patentability under 35 U.S.C. §§ 101 et seq., including without limitation 35 U.S.C. §§ 101, 102, 103, and other judicially-created bases for invalidity.

49. For example, to the extent that Aloft Media asserts that the Asserted Patent is so broad that the Accused KI Website infringes it, the Asserted Patent would be invalid under 35 U.S.C. § 102 as being anticipated by the '183 Patent or other prior art menu systems which disclose the nested menu system used by the Accused KI Website.

50. In light of Aloft's Notice Letter and infringement allegations, and as discussed above with reference to Count I, there exists a substantial, real, and immediate controversy between KI and Aloft concerning both KI's alleged infringement of and the validity of the Asserted Patent.

51. This controversy warrants the issuance of a declaratory judgment of invalidity. A judicial declaration is necessary and appropriate so that KI may ascertain its rights and obligations regarding the Asserted Patent.

52. Plaintiff therefore respectfully seeks a judicial declaration that the Asserted Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Krueger International, Inc., respectfully requests the following relief:

A. A declaration that Krueger International, Inc. has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the U.S. Patent No. 10,372,793, whether literally or under the doctrine of equivalents;

B. A declaration that each claim of U.S. Patent No. 10,372,793 is invalid;

C. A declaration that U.S. Patent No. 10,372,793is unenforceable;

D. An order declaring that this is an exceptional case and awarding Krueger International, Inc. its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. §285; and

E. All such other and further relief, both at law and in equity, which the Court deems just and proper.

Date: March 17, 2026

Respectfully submitted,

*s/Aaron T. Olejniczak*
Aaron T. Olejniczak (Wis. Bar No. 1034997)
aarono@andruslaw.com
John P. Dyro (Wis. Bar No. 1138095)
jdyro@andruslaw.com
litigation@andruslaw.com
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, WI 53202
Phone: (414) 271-7590
*Attorneys for Plaintiff Krueger International, Inc.*